MARTHA DEFER v. LEVI H. LOCKWOOD AND CHAUNCEY M. LOCKWOOD.

*Bill to compel conveyance.*

A man bought a place and put his sister and her family in possession of it. After he died her husband, who was one of the commissioners upon the estate, appraised the land as decedent's property, and the family took a long lease of it. Seven years later, when notice to quit was given for non-performance of its conditions, the sister filed a bill to compel her brother's son and heir to convey the land to her, alleging that her brother had promised her the land in the first place as an inducement to remain in the neighborhood; that it had always been his expressed intention to give her a deed of it, and that he had in fact had a deed prepared, which in his last sickness he asked his wife to get, but which was not then nor afterwards produced. *Held* that upon the facts the bill would not lie.

Appeal from Macomb. (Stevens, J.) June 11.—Sept. 29.

BILL to quiet title. Complainant appeals. Affirmed.

*Baldwin, Draper & Jacokes* for appellant.

*Crocker & Hutchins* for appellees.

CHAMPLIN, J. Chauncey M. Lockwood, the father of the defendant Chauncey, died intestate in Wayne county, Michigan, on or about the 11th day of January, 1873, leaving a widow, Lovina Lockwood, and as heirs-at-law the above named defendant, Chauncey M., and a daughter called Lulu, both infants. The daughter died soon after her father. The complainant in this case is a sister of the intestate. She states in her bill that she is the legal and equitable owner of the east half of the northeast quarter of section 18 in township 2 north, range 12 east; that the same is worth $3000; that it is a cultivated farm, and she has possessed and occupied it as her home for more than eleven years; that her brother, Chauncey M. Lockwood, sometime in the year 1870, purchased the land of Thomas Clark, who conveyed it to him by a good and sufficient warranty deed; that previous to his purchasing the land he had a conversation with complainant, in which he proposed to her if she would remain in the neighborhood so that she might take care of their mother, who was an aged woman and resided near this land, and attend to her wants, he would purchase said land for her, and she should have and own the same, and she consented, if the land should be purchased for her and she could have the title to the same, and that she did remain there, and has continued to do so until the present time; that soon after the conversation the land was purchased of Clark, and before it was deeded said Chauncey put complainant in possession, and not long after he came to see her and told her he bought the land for her that she might be near their mother and take care of her in case of need, and promised her she should have a deed of the land, and that he would make one out for her; that, soon after, said Chauncey M. Lockwood made and executed a deed of said land to complainant, which vested the title therein in complainant in fee-simple, and the deed was put in the hands either of another brother, Levi H. Lockwood, or into the hand of Lovina Lockwood, the widow of Chauncey, and after the deed had been executed to complainant, and after she had been in possession of said land more than a year, said Chauncey M. was taken sick in Detroit, and after

an illness of about three months died; that a few weeks before he died she visited him, and had a conversation about the deed; that he then said to her he had executed a deed of said land to her, and that his wife Lovina had it, and she, complainant, could get it from her; that the land was her own, and she need not feel bad, as she would be provided for in case he should die; that after his death she asked Lovina why she had not given her the deed which Chauncey made out to her, and she replied in substance that her hand was in the lion's mouth, and she should have to draw it slowly out; that complainant believes and charges that said deed cannot now be found or produced; that Lovina died seven years ago at her father's in the state of Oregon; charges that she and Levi H. Lockwood fraudulently conspired together to and did destroy said deed, with intent to cheat and defraud her and to destroy the evidence of her title to said land, and that so far as the record of deeds of the county exhibits title to said land, the same stands in said Chauncey M. Lockwood, who has only one son and lawful heir, whose name is Chauncey M. Lockwood, who is a minor aged about twelve years, and resides with his grandfather in the state of Oregon. She prays that she may be decreed to be the owner of said land in fee-simple, and that she may be quieted in her right and title, and that said minor heir may be decreed to execute to her a deed of said land in lieu of the one destroyed, and restrained from prosecuting any suits to recover possession of the land or rent for the use thereof.

The answer of Levi H. Lockwood is the only answer printed in the record. He denies the conversations stated in the bill; denies that the land was purchased for complainant or upon any agreement to purchase the same for her; denies that Chauncey M. ever conveyed or agreed to convey the land to complainant; says that after the death of Chauncey M., his widow, Lovina Lockwood, was appointed guardian of the estate of the infant Chauncey M., and as such guardian leased to John B. Newton, then complainant's husband, the said premises for ten years, with complainant's knowledge; that after occupying said land under the lease about seven

years Newton died, and complainant has occupied the same part of the time since ; that he has been appointed guardian of the estate of said minor, and as such served upon complainant a demand of possession for non-compliance with the conditions of said lease, and until after such demand he never heard it claimed by complainant or any one that she ever had a deed of said land, or that any such conveyance was ever executed.

This statement of the issue, as shown by the pleadings, dis-- closes the fact that the claim made by the complainant is directed against the right of the minor heir to the premises, and if established, deprives him of what apparently is his inheritance. She seeks to establish a title to lands in fee-simple without the production of a deed and against the record title. To entitle her to a decree, the fact of the execution and delivery of the deed must be established by convincing proofs.

Much of the evidence introduced by complainant to sustain her bill is incompetent, and must be excluded in the consideration of the case. All conversations and facts testified to by complainant which were equally in the knowledge of the intestate, Chauncey M. Lockwood ; all conversations with Lovina Lockwood, as well as those with Stephen Lockwood, were inadmissible. The first, because it is inhibited by the statute ; the latter, because it is hearsay.

It appears that Chauncey M. Lockwood, about the time he became of age, left home and went to the Pacific coast, where he engaged in various pursuits, such as mining, herding cattle, carrying mails and engaging in contracts with the United States. In some of these ventures he lost money, and in others he was successful, and upon the whole accumulated considerable property, which, however, was quite scattered, some being in Oregon, some in Washington Territory, some in Virginia and some in Michigan. During his prosperity he evinced a disposition to assist his parents, brothers and sisters, and on different occasions let them have money in various sums. In conjunction with his brother Levi, he pur-

chased of Mr. Clark two parcels of land. The title to one
parcel was conveyed to Levi, who gave his father a life-lease
thereof, and the other, being the parcel in dispute, was con-
veyed to Chauncey M. At this time complainant was the
wife of John B. Newton. Complainant and her husband
were not living together. He was seeking employment in
the vicinity of Grand Rapids or Morley, and she was mainly
engaged in school teaching in the eastern part of the State.
Chauncey desired to get them together, and requested that
they should go upon this land and reside there and cultivate
the same. They went upon the land soon after, and remained
there at the time of Chauncey's death.

The evidence introduced by complainant to prove the exe-
cution of the deed of the land to her consists of (1st) admis-
sions of Chauncey M., during his life, to the effect that the
land was hers, and that he had executed a deed thereof to
her; and (2d) the testimony of Mrs. Lawson as to seeing the
deed, and a direction by Chauncey to his wife to deliver the
deed to complainant.

The only direct testimony of the existence of a deed from
Chauncey to the complainant is that given by Mrs. Lawson.
She testifies positively and with particularity to the conver-
sation which took place at the time she saw it, to the hand-
writing in which the deed was written, the description of the
land, and the officer before whom it was acknowledged.

If her testimony is believed, the complainant's case is made
out, so far as the existence of such deed is concerned. She
testifies that during her brother Chauncey's last sickness she
went to see him; that she " went into the sitting-room where
he was, and complainant stood by the south window crying,
and she spoke to her and said, ' Mat, what are you crying
about ?' And at that he wheeled around and asked her what
she was crying about, and if she thought he was going to
die ? And she said she didn't know. And he told her in
case he died there was a deed made out to her, and told his
wife to go and get it, and she did so, and brought it in, and
it was made out from ' C. M. Lockwood to Martha Newton.'
I saw the deed myself, the land described in the deed. He

said he had bought the land for her, and would fix it all up for her if he lived ; but if he didn't, she would have to fix it up herself, or leave it as it was. The deed was signed by him, and witnessed and acknowledged before Seth R. Shetterly, of Utica, as justice of the peace ; and he said to me, ' The deed is made for her.' I told him if the deed was intended for her he had better to give it to her now, for something might happen, and he might not get well. He told his wife to take it, and go and give it to her. I don't know what she did with the deed, but he told her to take it and give it to Mrs. Newton. She took it and went out of the room. This conversation took place about two weeks before he died." On cross-examination she says that Mrs. Newton had left the room when he told his wife to take it and give it to Mrs. Newton. She fixes the date of the deed as being in the fall of 1871.

It is somewhat singular that Mrs. Newton should have left the room at a time when she was so vitally interested in what was going on. No reason is given for her leaving, and there is no reason apparent why she should not remain. She testifies that she never saw any such deed, and never had any such deed in her possession. But Mr. Shetterly was introduced as a witness by the defendant, and he testifies that he has no recollection whatever of drawing a deed from Chauncey M. Lockwood to Martha Newton. He testifies to draughting the deed from Clark to Chauncey M. Lockwood, August 16, 1870, and that Chauncey was not present ; also to draughting a deed bearing date December 7, 1870, from Levi H. and Phœbe Lockwood to Myron Lockwood. But the most convincing testimony to rebut the testimony of Mrs. Lawson is found in the facts immediately following the decease of Mr. Lockwood, coupled with the unexplained delay of complainant in asserting her rights by suit or otherwise.

Chauncey M. Lockwood died January 11th, 1873. Levi H. Lockwood and Lovina Lockwood were appointed administrator and administratrix of his estate. Commissioners were appointed to appraise the same. They were Homer B. White

and John B. Newton, the husband of complainant. They, together with Levi, went to this land upon which Newton and complainant were then living. Complainant was there present, and they appraised this land as a part of the property and estate of the intestate. If it was true that this property had been deeded to Mrs. Newton, and the conversation had occurred so recently before his death as complainant and Mrs. Lawson claim, is it not probable that complainant would have asserted some claim to it at the time of the appraisal? She did not do so, however, and later, when Mrs. Lovina Lockwood had been appointed guardian of the minor child, Chauncey M. Lockwood, on the 6th day of January, 1874, John B. Newton, the husband of complainant, entered into a written lease of the premises in dispute from the guardian for the term of ten years, and Mr. Shetterly, who drew the lease, thinks that the complainant was present. Under that lease, Newton and his wife occupied the farm, and she knew that he was occupying it under such lease.

These facts are entirely inconsistent with the asserted claim of complainant, and also with the testimony of Mrs. Lawson. It is also in evidence that, after Mr. Newton's death, the complainant made arrangements for tile being laid upon the premises for the avowed purpose of fulfilling the terms of the lease, which required a certain amount of tile to be laid.

The evidence is conflicting upon the point when she first asserted claim of title to the premises, but from the testimony, which need not be here reviewed, we are satisfied that it was not until after she was served by the guardian of the estate with a notice to quit because of non-compliance with the terms of the lease above mentioned, shortly before this suit was commenced. In the meantime Lovina Lockwood, an important witness, has died; time has elapsed, and witnesses are called to testify to admissions made seven, eight and ten years previously, in casual conversations with the deceased—most of them to the effect that he bought the land for his sister Martha, and intended to deed it to her. Whatever his intentions were, we are satisfied that he never executed a deed to the complainant of the land in question.

Were we satisfied that a deed had been made, there is no evidence in this record of a delivery thereof sufficient to vest the title in the complainant.

We have given above, all the evidence there is upon this subject. It is found in the testimony of Mrs. Lawson. The complainant paid nothing for the land, and has no equities based upon the payment of any consideration or of making improvements thereon. If it was a bounty designed for her by her brother, the gift was unexecuted, and it must fail.

There is a mass of testimony introduced by the complainant, for no other purpose apparently than to blacken the memory of Lovina Lockwood, the widow of the deceased. Aside from its being wholly irrelevant to the issue made by the pleadings, and ought not, therefore, to have been introduced in the record, it appears to us to be wholly devoid of truth, and manufactured for the occasion. Besides this, the witness was effectually impeached.

The decree of the court below dismissing the bill of complaint must be affirmed with costs.

The other Justices concurred.